IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John D. Latimore, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 6:24-cv-4197-BHH |
| v. ) | |
| ) | |
| Detective R.W. VanPelt, Sgt. Sellers, ) | **ORDER** |
| Ofc. Moore, Ofc. Smith, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff John D. Latimore, Jr.'s ("Plaintiff") pro se complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On September 4, 2024, the Magistrate Judge issued an order notifying Plaintiff that his complaint was subject to summary dismissal and providing Plaintiff the opportunity to cure the deficiencies identified in the complaint by filing an amended pleading. (ECF No. 12.) On September 16, 2024, Plaintiff filed an amended complaint. (ECF No. 14.)

On December 18, 2024, the Magistrate Judge carefully reviewed the allegations of Plaintiff's amended complaint and issued a report and recommendation ("Report"), outlining the issues and recommending that the Court summarily dismiss Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, without service of process and without further leave to amend. (ECF No. 21.)

Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. On

January 2, 2025, Plaintiff filed objections to the Report.  (ECF No. 23.)

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

In the Report, the Magistrate Judge explained that, because Plaintiff was arrested pursuant to a warrant, a claim would be for malicious prosecution rather than false arrest. (*Id.* at 8.)  The Magistrate Judge further explained that, because Plaintiff was indicted on the charges brought against him, the indictments establish probable cause.  Additionally, the Magistrate Judge noted that, because the criminal proceedings are still pending in state court, Plaintiff's amended complaint does not allege facts showing that the criminal proceedings ended without a conviction.  (*Id.* at 9.)  Lastly, the Magistrate Judge recommended that this Court abstain from considering Plaintiff's claims under the *Younger* abstention doctrine, as Plaintiff's claims relate to his present incarceration and currently pending charges.  *See Younger v. Harris*, 401 U.S. 37, 44 (1971).  (*Id.* at 10-11.)

In his objections to the Report, Plaintiff repeats his assertion that the Laurens Police Department used a fake Facebook page to entrap him, and he contends that, as a result of the alleged entrapment, Defendants did not have probable cause to stop him on January 8, 2024. (ECF No. 23 at 1-2.) Importantly, however, nowhere in his objections does Plaintiff respond to the Magistrate Judge's specific findings (1) that Plaintiff's claim for malicious prosecution fails as a matter of law because Plaintiff cannot show that his criminal proceedings have ended without a conviction, or (2) that *Younger* abstention is appropriate in light of Plaintiff's pending state court criminal proceedings.

Ultimately, after *de novo* review, the Court fully agrees with the Magistrate Judge's analysis and findings, and the Court finds Plaintiff's objections unavailing. **Accordingly, the Court hereby adopts and incorporates the Magistrate Judge's Report (ECF No. 21); the Court overrules Plaintiff's objections (ECF No. 23); and the Court dismisses this action pursuant to 28 U.S.C. §§ 1915 and 1915A without service of process and without further leave to amend.**

IT IS SO ORDERED.

/s/Bruce H. Hendricks
United States District Judge

March 18, 2025
Charleston, South Carolina